**Nael Shukri HASSAN–ABDALLAH,
aka Neal Mustafa Hassan,
Petitioner,**

v.

**John D. ASHCROFT, Attorney General
of the United States, Respondent.**

**Nos. 01–71499, INS A38–252–826.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Dec. 17, 2002.

Before NOONAN, BERZON, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Nael Shukri Hassan–Abdallah petitions this Court to review a decision of the Board of Immigration Appeals (the "Board). The Board affirmed the Immigration Judge's order that Hassan–Abdallah be removed from the United States. Hassan–Abdallah contends that he automatically became naturalized under § 321(a)(3) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1432(a)(3) (the "Act"), and therefore cannot be removed. Alternatively, Hassan–Abdallah argues that he cannot be removed because he became a "national" by applying for citizenship.

Hassan–Abdallah did not attain naturalization pursuant to § 321(a)(3) of the Act. Naturalization of a child under this provision depends upon three elements: (1) the "naturalization of a parent" (2) who has "legal custody" of the child (3) "when there has been a legal separation of the parents." 8 U.S.C. § 1432(a)(3). The Immigration Judge and the Board of Immigration Appeals correctly ruled that at no point did all three of these elements exist at the same time in Hassan–Abdallah's case. To the degree that there is any ambiguity in the statute in this regard, the Board's interpretation—that the legal separation cannot have ended by operation of the parents' remarriage at the time one parent became naturalized—is a reasonable one. We therefore must defer to the Board's construction. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

Nor did Hassan–Abdallah become a "national" by allegedly applying for citizenship. We held in *Hughes v. Ashcroft*, 255 F.3d 752 (9th Cir.2001), that "in order for a person who is born outside the United States to qualify for 'national' status, he must, at a minimum, demonstrate (1) birth in a United States territory or (2) an application for United States citizenship." *Id.* at 757. The record does not establish that Hassan–Abdallah submitted a properly completed application for citizenship with a signed oath swearing allegiance to the United States, or that he was ever formally naturalized following approval of such an application. Hassan–Abdallah has not met even the minimum requirements for establishing nationality.

Because Hassan–Abdallah did not become naturalized under § 321(a)(3) or attain "national" status, he is subject to removal. Hassan–Abdallah's petition is DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.